495 P.2d 1322

The ARIZONA BANK, an Arizona corporation, as Executor of the Estate of Nell Lammers, Deceased, Petitioner,[1]

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA et al.,

No. 1 CA–CIV 1868.

Court of Appeals of Arizona, Division 1, Department B.

April 13, 1972.

Rehearing Denied May 8, 1972.

Review Denied June 27, 1972.

1. Mrs. Lammers, the original petitioner herein, died three days prior to the filing of the petition for the special action, and her attorney filed the petition without knowledge of her death. The filing of the petition under these circumstances left the Court with no petitioner before it. Because it appeared that the special action, as well as the underlying superior court action, would be pursued in any event, and to avoid further expense and delay in duplicating all pleadings filed herein, the special action was suspended temporarily by this Court to permit the substitution of an appropriate successor to the original petitioner both in the superior court action and in this special action. The Arizona Bank has since been appointed executor of the estate of Nell Lammers, and has been substituted for her in the superior court action. The executor has also filed its appearance as such in this special action, and has adopted as its own all pleadings previously filed herein by its testatrix, Mrs. Lammers. The executor requested that it be substituted as petitioner in this special action, and this request has been granted as part of the Court's acceptance of jurisdiction. This matter is therefore now before us on the original papers, with the executor substituted as the petitioner. "Petitioner" as used in the remainder of this opinion refers to Mrs. Lammers or The Arizona Bank, depending upon the context in which used.

Roy R. Carson and Raymond Huffsteter, Phoenix, for petitioner.

Lewis & Roca by Paul G. Ulrich, Phoenix, for respondents.

HAIRE, Chief Judge, Division 1.

In this special action proceeding the principal question which the Court is called upon to determine is whether the "express determination that there is no just reason for delay" requirement of Rule 54(b), Rules of Civil Procedure, 16 A.R.S., must be a part of the written judgment itself.

Specifically petitioner complains of an order entered by the respondent judge refusing to approve an amended form of judgment containing the Rule 54(b) language after a prior judge had made a minute entry order finding that there was no just reason for delay. By this opinion we have determined that the original judgment had become final by reason of the Rule 54(b) minute entry order made by the prior judge after the original judgment had been signed, and that therefore it was unnecessary to have the original judgment amended.

The factual and procedural background is as follows. A superior court action was brought to foreclose a mortgage executed by defendants Conrad, who are the real parties in interest in this special action. The petitioner here was also a defendant in the foreclosure action, as a junior lienholder, and she asserted a cross-claim against the Conrads for the foreclosure of her second mortgage. The Conrads also filed a third-party complaint against one Thomas Grosso.

A formal written judgment was eventually entered on April 1, 1970, foreclosing

the mortgages of the plaintiffs and of the petitioner Lammers, execution was ordered to be issued, and the property was actually sold on special execution sale. The third-party complaint against Grosso was not adjudicated but was specifically held open because of an injunction issued by the United States District Court in bankruptcy proceedings. Thereafter defendants Conrad moved to vacate the petitioner's judgment for the primary reason that it did not include the Rule 54(b) determination and direction necessary to make it final, as the third-party complaint against Grosso had been held open. In addition the Conrads moved for a new trial. Petitioner then moved for an appropriate Rule 54(b) determination and direction, and on November 10, 1970, the trial court entered its minute entry order as follows:

> "With respect to the question of Rule 54(b) the Court finds and rules that at the time of the hearing of this matter on March 2, 1970, which was heard before this Court, and the formal written Judgment which was entered later and signed by Judge McBryde, did not require the finding counsel has argued about with respect to Rule 54(b).
>
> "The Court now finds and orders that the Court's previous orders be and the same is hereby amended and it is the Court's finding from the facts and the records at that time and now there was no cause or need for delay and there was no evidence of irreparable damage to defendants Conrad by the entry of those orders foreclosing those mortgages."

The trial court also denied the Conrads' motion to vacate the judgment and for a new trial.

Petitioner's counsel thereafter lodged with the court a proposed written order based on the minute entry order of November 10, 1970, and the Conrads filed objections thereto. Before the objections were heard, the original trial judge resigned and the matter was eventually assigned to the Honorable Charles D. Roush.

Judge Roush conducted a hearing on the objections, and thereafter issued his minute entry order of November 4, 1971, sustaining the objections to the form of the proposed order, indicating that he disagreed with the merits thereof rather than merely with its form. It is this order sustaining objections which petitioner seeks to have set aside here, as well as asking this Court to order Judge Roush to sign the proffered order.

It appears to this Court that this matter is an appropriate subject for a special action in the present posture of the case. The foreclosure action has been pending since February 2, 1968. The now-questioned judgment granting foreclosure of petitioner's mortgage was entered on April 1, 1970. The Conrads have apparently made no payments on the foreclosed mortgages during the pendency of the action, resulting in increasing the amounts in default. The order amending the judgment to overcome the Rule 54(b) objections was granted by the original trial judge, but petitioner is now faced with a refusal to sign that order by a successor trial judge. The latter's order sustaining the objections to the proffered order of amendment is not an appealable order under A.R.S. § 12–2101. Petitioner is therefore in a situation where she has prevailed in substance in the trial court, but has no effective formal means of enforcing the remedy granted to her. The real parties in interest admit that petitioner has no plain, speedy, or adequate remedy at law, while denying that she is entitled to any. While there are other conceivable procedures which might be followed by petitioner in this situation, we do not believe they are as adequate as the special action procedure to bring this unduly protracted matter closer to its conclusion. Under the circumstances this special action is appropriate to review the procedural posture of the pending action and the order of the trial court sustaining the objections. This Court therefore accepts jurisdiction.

In our opinion it is not necessary to grant the requested relief, because of the

proceedings already had in the trial court. The real question is whether the original judgment, as ordered amended by the minute entry order of November 10, 1970, is final for all purposes, including execution and appeal, or merely interlocutory.

The judgment entered April 1, 1970, ordered that Mrs. Lammers have judgment on her cross-complaint against defendants Conrad, that the real property involved be sold by the sheriff, and that a special execution issue to him directing the sale thereof, but as previously indicated did not contain the necessary Rule 54(b) language. This judgment was entered pursuant to a minute entry order of March 2, 1970, providing in part as follows:

> "As to the second mortgage, the Court finds that the evidence by a fair preponderance establishes that Cross-claimant, Nell Lammers, is entitled to judgment against Defendants Conrad in the sum of $6,500.00, pursuant to the note and second mortgage. . . ."

The question concerning the finality of this judgment arises because of the provisions of Rule 54(b), Rules of Civil Procedure, which provides as follows:

> "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, *the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.* In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights

and liabilities of all the parties." (Emphasis added).

Examination of the formal written judgment reveals that it does completely adjudicate and dispose of all issues involved in the mortgage foreclosure claims, and that there would be no question of its finality in a single claim case. It is also clear that neither the judgment nor any other subsequent order disposes of the third-party complaint against Grosso. This judgment is therefore subject to the requirements of Rule 54(b) for an express "determination" and "direction". The judgment itself does not contain any finding or determination that there was no just reason for delay, but it does order that Mrs. Lammers have judgment on her cross-complaint against the Conrads and that execution issue for the sale of the real property involved. This judgment was entered pursuant to a minute entry order of March 2, 1970, finding that Mrs. Lammers was entitled to judgment against the Conrads and specifying the terms thereof. The formal written judgment was thereafter signed by the court and filed with the clerk of court. Under these circumstances we do not believe that it can be said that there was no "express direction for the entry of judgment".

First, insofar as concerns the "express direction for the entry of judgment" requirement of Rule 54(b), it must be recognized that our Rule 54(b) is taken verbatim from the amended Federal Rules of Civil Procedure of the same number, but apparently without recognizing the difference between federal procedure and Arizona procedure as to the actual mechanics of entering judgments, at least at the present time. Under the federal procedure (Rules 52(a) and 58) in cases involving a general verdict of a jury or a decision by the court that a party shall recover only a sum certain or costs or that all relief be denied, the court makes its findings of fact and conclusions of law and the *clerk* then, subject to the provisions of Rule 54(b), prepares, signs, and enters the judgment *without awaiting any direction by the court.*

In cases where other relief is granted, the court approves the form of the judgment and the clerk then enters it. In other words, under federal procedure the judgment is signed by the clerk and not by the judge and is entered routinely in the usual case, without a direction by the judge. Therefore, under federal procedure, in order to avoid having judgments which are not intended to be final from being entered automatically by the clerk, it is necessary in Rule 54(b) cases to require a specific direction from the judge for the entry of judgment and Federal Rule 58 is expressly subject to this direction. Under present procedures in Arizona all judgments must be signed by a judge (or court commissioner when appropriate), and not by the clerk of the court.[2] The difference in the two procedures renders the requirement of an express direction for the entry of judgment (which remains in Rule 54(b)) substantially meaningless in Arizona, because it appears to require the judge to direct an act which he is required to perform in any event, that is, to sign the judgment, and because without the signed judgment there can be no filing and hence no "entry". Once the judgment is signed, the clerk's filing is merely clerical.

Additionally, the portion of Rule 54(b) which relates to the direction for the entry of judgment appears to concern itself with orders and rulings which are issued in some form other than a written judgment, and which do not necessarily appear to be final judgments *per se*. A review of cases from other jurisdictions, including the federal courts, indicates also that most of the cases involving the question of the finality of such "judgments" under Rule 54(b) turn on the presence or absence of the "determination" requirement rather than of the "direction" requirement. *See* Annot., 38 A.L.R.2d 377 (1954), and supplement thereto. We hold that under present Arizona practice, the required "express direction" for the entry of judgment is inherent in the signing of a formal written judgment by the judge. To hold otherwise would be to require that the trial court state in the "magic words" of the rule that it really did intend to do what it was already doing in signing the judgment.

We turn now to the question of whether the judgment of April 1, 1970, lacks finality because of the absence of the "express determination that there is no just reason for delay" required by Rule 54(b). The question presented is whether this determination can be supplied in some way other than by inclusion in the written judgment itself, and if so whether that has been done in this case. Here, after the judgment was questioned, the petitioner applied to the trial court for the missing determination, and the trial court entered its minute entry order of November 10, 1970 quoted above. The respondent real parties in interest admit that the *wording* of this minute entry order is sufficient to constitute the required determination. We agree that the wording of this minute entry order is sufficient to constitute the required determination. Respondents Conrad contend, however, that the judgment itself must include this determination or that at the minimum it must be in writing and signed by the judge. This argument is clearly refuted by the holdings in Mageary v. Hoyt, 91 Ariz. 41, 369 P.2d 662 (1962); Stevens v. Mehagian's Home Furnishings Inc., 90 Ariz. 42, 365 P.2d 208 (1961); and Tarnoff v. Jones, 15 Ariz.App. 88, 486 P.2d 200 (1971). In the Mageary case our Supreme Court held that the requisite determination may be made by a separate order apart from the judgment, and at any time prior to the termination of the entire litigation. In the Stevens and Tarnoff cases, the appellate court dismissed the appeals for want of the requisite determination, but afforded the parties affected an opportunity to apply to the trial court for the necessary

2. The State Bar Committee note to the revisions of Rule 58(a), Rules of Civil Procedure, indicates that under the revised Rule 58(a), all judgments will have to be signed by a judge and that therefore there would be no requirement of a direction apart from the actual signing of the order or judgment itself.

determination, which obviously had to be made separately from the original judgment, and stated that it would then consider the appeals if the trial court made such determination and thus provided the judgments with the necessary finality. As pointed out above, it is not necessary that the determination be included in the judgment itself. What the Rule requires is the *making* of the express determination; there is no requirement of any particular form for indicating that it has been made. What is required is that which is necessary to accomplish the purpose of the rule—*i. e.*, the determination of whether or not the judgment is final and appealable. We also find no requirement in the Rules of Civil Procedure or elsewhere that the determination as such must be reduced to a formal written order signed by the judge. In our opinion, the minute entry order reciting the court's finding that there was no cause for delay and directing that the previous judgment be amended is sufficient to constitute the determination required by Rule 54(b), and the judgment became final, enforceable, and appealable on the date of entry of the minute entry order. Inasmuch as there was no attempt to make the amendment or the determination retroactive to any earlier date, we need not consider respondents' contention that the trial court had no authority to enter this minute entry order because it amounted to an attempt to make a *nunc pro tunc* order.

In view of the above holding, petitioner's proffered order based on the minute entry order and reciting the "determination" was not necessary to make the judgment of April 1, 1970, final, and the trial court's order sustaining the Conrads' objections thereto is therefore without any legal significance and does not in any way affect the validity or finality of that judgment. Since this order does not affect petitioner's right to proceed in the normal way under the judgment, the specific relief requested in this special action is denied as unnecessary.

In passing, we would point out that Rule 54(b) has been in effect in its present form since October 31, 1961, and with re-

spect to cases involving multiple claims since January 1, 1956. The simple addition of a request to the trial court for the necessary determination and direction at the time of trial in this case, and the inclusion of a few additional words in the original judgment, would have avoided substantial expenditure of time, effort, and money by the parties and their counsel. In view of the number of reported cases involving failures to comply with Rule 54(b), as well as the even greater number of appeals which, for want of jurisdiction, have been dismissed or suspended by this Court, on its own motion without any decision on the merits being possible, it behooves all counsel to become aware of and to consider its possible application when preparing any written judgment for presentation to the trial court.

For the reasons above stated, the judgment of April 1, 1970, is held to have become final on November 10, 1970, the date of the minute entry order making the required determination. The relief requested in this special action is denied as being unnecessary in view of the foregoing holding.

EUBANK and JACOBSON, JJ., concur.