IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| PENNY OSUNA, | ) | |
| | ) | 2 CA-CV 2006-0039 |
| Plaintiff/Appellant, | ) | DEPARTMENT B |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| WAL-MART STORES, INC., a Delaware | ) | |
| corporation; SAM'S CLUB, an operating | ) | |
| segment of WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendants/Appellees. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C-20014319

Honorable Christopher Browning, Judge
Honorable Carmine Cornelio, Judge

DISMISSED

---

Shugart Thomson & Kilroy, P.C.
 By Marty Harper, Rudolph J. Gerber,
 Gary D. Ansel, Kelly J. Flood,
 Andrew S. Jacob, and Natalia Garrett                                           Phoenix
                                                        Attorneys for Plaintiff/Appellant

Steptoe & Johnson
 By Bennett Evan Cooper, Monica Goebel,
 and Steven D. Wheeless                                                          Phoenix
                                                    Attorneys for Defendants/Appellees

---

BRAMMER, Judge.

¶1     Appellant Penny Osuna appeals from the trial court's grant of the appellees', Wal-Mart Stores, Inc. and Sam's Club (collectively, Wal-Mart), motion to dismiss and asserts the court abused its discretion in denying her leave to amend her second amended complaint. Because we lack jurisdiction, we dismiss the appeal.

**Factual and Procedural Background**

¶2     In September 2001, Brian Thacker, Staci Thacker, Patricia Carrillo, and Tamela Wyble filed a putative class action against Wal-Mart. The complaint alleged Wal-Mart had "forc[ed] Plaintiffs and the Class to work off-the-clock, . . . not pa[id] them for time worked during meal and rest breaks[,] and . . . not provid[ed] them with substitute paid meal and break periods." The complaint pled five causes of action: breach of written employment agreement, breach of oral contract, quantum meruit, restitution, and breach of the implied covenant of good faith and fair dealing.

¶3     Wal-Mart filed a motion to dismiss pursuant to Rule 12(b)(6), Ariz. R. Civ. P., 16 A.R.S., Pt. 1, asserting the statute of limitations had run on the claims alleged by the Thackers and Carillo. Wal-Mart also argued its employee handbook and policies did not constitute a written contract and the complaint failed to state a claim for breach of the implied covenant of good faith and fair dealing. The trial court granted the motion, dismissing all of the Thackers' and Carillo's claims, and Wyble's claims for breach of written employment agreement and breach of the implied covenant of good faith and fair

2

dealing. The court denied the plaintiffs' subsequent motions for reconsideration and "clarification," as well as their request for certification of the judgment for appeal pursuant to Rule 54(b), Ariz. R. Civ. P., 16 A.R.S., Pt. 2.

¶4 The trial court granted Wyble's subsequent request for leave to amend the complaint, but informed Wyble she would not be permitted to "resurrect any claim which [the trial court] ha[d] dismissed." The amended complaint omitted the Thackers and Carillo as plaintiffs and added Penny Osuna as a plaintiff. A second amended complaint, filed pursuant to stipulation, omitted Wyble, leaving Osuna as the sole plaintiff, and alleged Wal-Mart had breached "an implied-in-law" contract with Osuna and the class, and included claims of quantum meruit and restitution.

¶5 Osuna filed a motion for class certification in October 2003. After extensive briefing and discovery, the trial court denied the motion, stating the second amended complaint contained "no separate claim for contract . . . that would remove individualized review of the facts and law. Rather, there exists only that quasi-contract which can be implied by a Court within the realm of an unjust enrichment claim." The court also noted Osuna's claims for restitution and quantum meruit did not describe separate claims, but instead asserted only the remedy and measure of damages for unjust enrichment.

¶6 Osuna then requested leave to again amend her complaint, stating she intended to "clarif[y]" her breach of contract claim by including claims for breach of both an implied-in-fact contract and an implied-in-law contract. Osuna also sought to add a claim "under the

3

Arizona Wage Act, A.R.S. § 23-350 et seq.," and a claim asserting Wal-Mart had violated A.R.S. § 23-202. The trial court denied Osuna leave to amend, stating she was "seeking to, in part, revisit the issue of the contract claims made earlier" and present claims "that could have been pled much earlier." The court also denied Osuna's request to certify for appeal its ruling on class certification. Subsequently, pursuant to stipulation, Osuna moved to dismiss her unjust enrichment claim under Rule 41(a), Ariz. R. Civ. P., 16 A.R.S., Pt. 1, stating the dismissal would "fully dispose of [her] Second Amended Complaint." The court granted the motion and entered final judgment in favor of Wal-Mart. This appeal followed.

¶7        Before Osuna filed her opening brief, Wal-Mart filed a motion in this court to dismiss Osuna's appeal of the trial court's class certification ruling. Wal-Mart argued Osuna had voluntarily dismissed her unjust enrichment claim, the sole subject of the class certification motion, and thus lacked standing to appeal the ruling. We granted Wal-Mart's motion in March 2006 and directed Osuna to file her opening brief.

**Discussion**

¶8        Osuna's voluntary dismissal of her complaint raises the question of whether we have jurisdiction over this appeal. Our draft decision, distributed to the parties in anticipation of oral argument,[1] proposed that we dismiss Osuna's appeal because we lack

---

[1]As this court recently noted in *Grand v. Nacchio*, 214 Ariz. 9, n.4, 147 P.3d 763, 772 n.4 (App. 2006),

> As is the practice in this division of the court of appeals, one
> member of the panel scheduled to hear the argument prepares a

4

jurisdiction.[2] We granted Osuna's subsequent request to vacate oral argument and submit supplemental briefing on the question of our jurisdiction.

¶9 "[T]he right to appeal exists only by force of statute." *Cordova v. City of Tucson*, 15 Ariz. App. 469, 470, 489 P.2d 727, 728 (1971). Section 12-2101, A.R.S., governs our appellate jurisdiction, and subsection (B) permits an appeal only from a "final judgment." Rule 41(a), Ariz. R. Civ. P., 16 A.R.S., Pt. 1, governs voluntary dismissals and states such dismissals are without prejudice "[u]nless otherwise stated in the notice or order of dismissal." Neither Osuna's motion nor the court's order stated the dismissal was with prejudice. "Generally, an order granting a voluntary dismissal without prejudice to its being refiled is not an appealable, final judgment." *Grand v. Nacchio*, 214 Ariz. 9, ¶ 12, 147 P.3d 763, 769 (App. 2006); *see also Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 425 F.3d 207, 210 (2d Cir. 2005) ("A plaintiff who voluntarily dismisses his action without prejudice 'may reinstate his action regardless of the decision of the appellate court, [thus,] permitting an appeal is clearly an end-run around the final judgment rule.'"), *quoting Palmieri v. Defaria*, 88 F.3d 136, 140 (2d Cir. 1996); *Mesa v. United States*, 61 F.3d 20, 21 (11th Cir. 1995) (plaintiff who dismissed claim without prejudice "had nothing to appeal").

---

draft decision, subject to revision after argument and conference, that is disseminated to counsel for the parties, and the other panel members, in advance of argument.

[2]The parties did not raise this issue. We, however, are obligated to examine our jurisdiction. *Cordova v. City of Tucson*, 15 Ariz. App. 469, 470, 489 P.2d 727, 728 (1971).

¶10 The trial court's order granting Osuna's stipulated motion to dismiss also stated the order "enter[ed] final judgment in favor of Defendants." We reject Osuna's contention that this statement means her complaint was dismissed with prejudice. An order of dismissal pursuant to Rule 41, Ariz. R. Civ. P., 16 A.R.S., Pt. 1, is without prejudice unless "otherwise specified." *See* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2367 at 318-19 (2d ed. 1995) ("If the court's order is silent on [whether dismissal is with or without prejudice], the dismissal is without prejudice."). The proper method for a court to specify that a dismissal is with prejudice is to state it in plain language; simply using the words "final judgment" is inadequate because that phrase is subject to interpretation. A dismissal without prejudice is "final" insofar as the trial court no longer has "jurisdiction to grant affirmative relief to the parties," *Crawford v. Crawford*, 20 Ariz. App. 599, 600, 514 P.2d 1050, 1051 (1973), and may be "final" for the purpose of an award of attorney fees, *see Callanan v. Sun Lakes Homeowner's Ass'n No. 1, Inc.*, 134 Ariz. 332, 337, 656 P.2d 621, 626 (App. 1982). The Fifth Circuit Court of Appeals examined a situation similar to the one before us in *Marshall v. Kansas City Southern Railway Co.*, 378 F.3d 495, 501 (5th Cir. 2004). There, the trial court's order granting plaintiff's Rule 41, Fed. R. Civ. P., motion described the motion as one for "'a final judgment with prejudice pursuant to Rule 54(b), [Fed. R. Civ. P.,]'" and stated the order was "'a final judgment in favor of the defendants.'" *Id.* (emphasis removed). The plaintiff's motion seeking voluntary dismissal, however, did not state it sought dismissal with prejudice; indeed, it did not specify whether it sought

dismissal with or without prejudice. *Id.* Relying on "the express language" of Rule 41, the Fifth Circuit determined the order was a dismissal without prejudice because it did not specify it was with prejudice.[3] *Id.*

¶11 Moreover, Osuna did not ask the court to dismiss her complaint with prejudice. *See McKenzie v. Davenport-Harris Funeral Home*, 834 F.2d 930, 934-35 (11th Cir. 1987) ("The stipulation of dismissal filed by the parties did not include the magic words: with prejudice. Under Rule 41(a)(1), [Fed. R. Civ. P.,] where the stipulation does not state that the dismissal is with prejudice, it must be considered without prejudice."). Thus, we decline to interpret the trial court's order to grant relief Osuna did not explicitly request. Because the court's grant of Osuna's motion to dismiss her sole remaining claim is not appealable under § 12-2101(B), we lack jurisdiction over this appeal.[4]

---

[3]Some authority suggests we may consider the intent of the parties and the trial court to determine whether a voluntary dismissal is with prejudice. *See Concha v. London*, 62 F.3d 1493, 1508-09 (9th Cir. 1995) (treating dismissal without prejudice as dismissal with prejudice because it was "clear that the parties intended that the [plaintiffs] be afforded the right to appeal" and plaintiff had "absolutely nothing to gain by filing a voluntary dismissal without prejudice"); *Agfa-Gevaert, A.G. v. A.B. Dick Co.*, 770 F. Supp. 441, 444 (N.D. Ill. 1991) (finding dismissal was with prejudice although judge "did not state explicitly whether the withdrawal [of plaintiff's claim] was with prejudice" because "the judge's comments and those of counsel for both parties during the instructions conference reflect an intention by all concerned that the withdrawal be with prejudice"). Even if we were to adopt a similar approach, nothing in the record clearly indicates Wal-Mart intended for the stipulated dismissal to enable Osuna to appeal, and Osuna does not argue a dismissal without prejudice "could serve no conceivable purpose." *Concha*, 62 F.3d at 1509.

[4]We note some courts, in analogous circumstances, have found jurisdiction had vested when the statute of limitations otherwise would have barred the plaintiff's claim. *See Fasset v. Delta Kappa Epsilon (New York)*, 807 F.2d 1150, 1155 (3d Cir. 1986); *Carr v. Grace*, 516 F.2d 502, 503 n.1 (5th Cir. 1975). The statute of limitations, however, is not jurisdictional.

¶12       In her supplemental brief, however, Osuna purports to "abandon[] all rights to refile this action," and suggests this renders the trial court's dismissal of her complaint "unequivocally final and complete."[5] She cites several cases in which federal courts have determined similar abandonment converts an order that is not final into a final, appealable judgment. *See Tiernan v. Devoe*, 923 F.2d 1024, 1031 (3d Cir. 1991) (finding appellate jurisdiction established where plaintiffs, "through letter briefs," renounced "any intention to take further action against the . . . Defendants"); *Scarborough v. Perez*, 870 F.2d 1079, 1082 (6th Cir. 1989) (jurisdiction proper where appellant abandoned nonfinal claim at oral argument); *O'Boyle v. Jiffy Lube Int'l, Inc.*, 866 F.2d 88, 92 (3d Cir. 1989)

---

Thus, if a party fails to raise it as an affirmative defense, it is waived. *See Trujillo v. Trujillo*, 75 Ariz. 146, 148, 252 P.2d 1071, 1072 (1953) ("The statute of limitations . . . is personal and may be waived. It will be assumed that a [defendant] who does not plead the statute when sued does not desire its protection."); Ariz. R. Civ. P. 8(c), 16 A.R.S., Pt. 1 (statute of limitations is affirmative defense). We will not adopt a rule that requires us to raise an affirmative defense on a defendant's behalf. Moreover, "an appellate court . . . is poorly situated to litigate and to decide . . . whether a statute of limitation has run to the point of barring an action; we cannot, for example, rule out the possible existence of tolling events which would not appear in the record on appeal." *Mesa v. United States*, 61 F.3d 20, 22 n.6 (11th Cir. 1995).

[5]As Wal-Mart correctly points out, Osuna has not unequivocally abandoned her right to refile her action. She stated in her supplemental brief that she "reserves the right to refile only to the extent that this Court finds her abandonment is ineffective and that it cannot review [this matter] because she retains a right to refile." Although "this procedure raises interesting issues of appellate jurisdiction," *O'Boyle v. Jiffy Lube International, Inc.*, 866 F.2d 88, 92 (3d Cir. 1989), we need not resolve those issues here because we conclude Osuna's attempt to unilaterally abandon her right to refile does not convert her dismissal into one with prejudice.

("[U]nconditional[] withdraw[al] with prejudice [in reply brief of unadjudicated] claims . . . remove[s] any doubt about [appellate] jurisdiction.").

¶13        We decline to adopt this approach. In the cases Osuna cites, each being procedurally distinguishable from this case, the abandoned claims were not at issue on appeal.[6] *See Tiernan*, 923 F.2d at 1031; *Scarborough*, 870 F.2d at 1081-82, *O'Boyle*, 866 F.2d at 91-92. In contrast, Osuna appeals from the trial court's denial of leave to amend the same complaint she later dismissed. And none of the cited cases addresses a situation like the one before us, where the appellant voluntarily has dismissed his or her entire complaint without prejudice. The trial court did not, on its own or Wal-Mart's motion, dismiss any of the claims in Osuna's second amended complaint. Thus, no claims raised in that complaint were dismissed against Osuna's wishes.[7] *See, e.g., Cofield v. Sanders*, 9 Ariz. App. 240, 242,

---

[6]In *Tiernan v. Devoe*, 923 F.2d 1024, 1028, 1031 (3d Cir. 1991), plaintiffs appealed from an order enforcing a settlement agreement in favor of three of four defendants. By dismissing claims against the fourth defendant without prejudice, plaintiffs raised a jurisdictional question similar to the one before us. *Id.* In *Scarborough v. Perez*, 870 F.2d 1079, 1081 (6th Cir. 1989), the plaintiff appealed the trial court's grant of summary judgment in favor of one of two defendants after obtaining a default judgment against the second defendant. The amount of the judgment, however, had not yet been determined. *Id.* The Sixth Circuit Court of Appeals declined to address whether the trial court's Rule 54(b), Fed. R. Civ. P., certification in the order granting summary judgment was proper because the plaintiff had abandoned his claim against the second defendant. *Id.* at 1081-82. The plaintiff in *O'Boyle v. Jiffy Lube Int'l, Inc.*, 866 F.2d 88, 91-92 (3d Cir. 1989), appealed the trial court's grant of the defendant's motion to dismiss all but one of his claims. The plaintiff then dismissed his remaining claim without prejudice. *Id.* at 92.

[7]Although claims pled in the original complaint had been dismissed on Wal-Mart's motion, Osuna's amended complaint superseded her previous complaints. *See Campbell v. Deddens*, 21 Ariz. App. 295, 297, 518 P.2d 1012, 1014 (1974) ("When respondent filed an amended complaint, such pleading superseded his original complaint which then became

9

451 P.2d 320, 322 (1969) ("It is well settled that ordinarily a consent judgment is not subject to appellate review."); *Farmers Ins. Group v. Worth Ins. Co.*, 8 Ariz. App. 69, 71, 443 P.2d 431, 433 (1968) ("It is a prerequisite to our appellate jurisdiction that the appellant be a 'party aggrieved' by the judgment or order from which the appeal is taken.").

¶14 Moreover, Rule 41(a) does not permit a plaintiff to dismiss his or her complaint unilaterally if the adverse party has filed either an answer or a motion for summary judgment. A dismissal must instead be granted "pursuant to a stipulation of dismissal signed by all the parties who have appeared in the action" or "upon order of the court and upon such terms and conditions as the court deems proper." Furthermore, a trial court is not required to grant a plaintiff's motion to dismiss. *See Cheney v. Superior Court*, 144 Ariz. 446, 448, 698 P.2d 691, 693 (1985) ("The right to dismiss after an answer has been filed . . . is discretionary with the trial court."). And a defendant should be given the opportunity to argue the trial court should not grant a dismissal with prejudice. *See Schoolhouse Educ. Aids, Inc. v. Haag*, 145 Ariz. 87, 90, 699 P.2d 1318, 1321 (App. 1985) (in considering voluntary motion to dismiss,

*functus officio*."). Because Osuna had dismissed her second amended complaint without prejudice, we lack jurisdiction over her appeal and need not decide whether Osuna could appeal rulings related to the first complaint had she dismissed her second amended complaint with prejudice. *Compare Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("If a plaintiff fails to include dismissed claims in an amended complaint, the plaintiff is deemed to have waived any error in the ruling dismissing the prior complaint."), *with Davis v. TXO Production Corp.*, 929 F.2d 1515, 1518 (10th Cir. 1991) ("We believe that a rule requiring plaintiffs who file amended complaints to replead claims previously dismissed on their merits in order to preserve those claims merely sets a trap for unsuspecting plaintiffs with no concomitant benefit to the opposing party.") (footnote omitted).

10

trial court must "examine the facts of [the] case to determine whether plaintiff's dismissal would violate any of defendant's substantial legal rights"); *cf. County of Santa Fe, N.M. v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1049 (10th Cir. 2002) ("[T]here will be circumstances where granting a plaintiff's motion to dismiss with prejudice may adversely affect the defendant.").

¶15        Osuna also argues we may "review [her appeal] pursuant to Rule 54(b), [Ariz. R. Civ. P., 16 A.R.S., Pt. 2]," despite the absence of the required "express determination that there is no just reason for delay" in the trial court's order granting her motion to dismiss. The case Osuna relies on, however, does not suggest we have appellate jurisdiction in the absence of proper Rule 54(b) certification; it instead states that, after an appeal is dismissed "for want of the requisite determination" the parties may be "afforded . . . an opportunity to apply to the trial court for the necessary determination." *Arizona Bank v. Superior Court*, 17 Ariz. App. 115, 119-20, 495 P.2d 1322, 1326-27 (1972); *see also Stevens v. Mehagian's Home Furnishings, Inc.*, 90 Ariz. 42, 45, 365 P.2d 208, 210 (1961); *Tarnoff v. Jones*, 15 Ariz. App. 88, 90, 486 P.2d 200, 202 (1971). Because Osuna does not argue she should be afforded such an opportunity here, we do not address this argument further.

¶16        Lastly, relying on *Grand*, Osuna requests, alternatively, that we accept special action jurisdiction of this matter because it would "favor judicial economy." But, the circumstances of that case are vastly different from those before us. There, we accepted special action jurisdiction in part because a subsequent appeal would "inevitably raise the

11

same issues [then] before us." *Grand*, 214 Ariz. 9, ¶ 24, 147 P.3d at 772. The trial court in *Grand* had included Rule 54(b) language in its judgment. *Id.* ¶ 17. Although we found that certification improper, *id.* ¶ 19, its presence made it clear the trial court had intended for its order to be final. And in *Grand,* "[t]he parties, at the suggestion of the trial court, stipulated to dismissal without prejudice of the [previously unadjudicated] claims . . . and apparently entered into an agreement tolling the statute of limitations as to those claims." *Id.* ¶ 11. Those factors do not exist here; thus, we cannot say an appeal raising the same issues Osuna attempts to assert now is, for all practical purposes, inevitable.

¶17 Moreover, unlike in *Grand*, Osuna's appeal does not raise issues of first impression in Arizona. *See id.* ¶ 22. And, perhaps most importantly, the draft decision we provided the parties in advance of oral argument in *Grand* had "noted, and declined to address, several issues the [appellant] did not raise on appeal" and could potentially raise in a subsequent appeal, *id.* ¶ 24, a situation absent here. Additionally, it is settled law in Arizona that denial of leave to amend a complaint is a proper subject for special action review. *See Dollar A Day Rent A Car Sys., Inc. v. Superior Court*, 107 Ariz. 87, 89, 482 P.2d 454, 456 (1971). Osuna instead dismissed her complaint without prejudice, and gives us no compelling reason to overlook her procedural misstep. Therefore, in our discretion, we decline special action jurisdiction. *See Astorga v. Wing*, 211 Ariz. 139, ¶ 13, 118 P.3d 1103, 1106 (App. 2005). In our discretion, we deny Wal-Mart's request for attorney fees on appeal made pursuant to A.R.S. § 12-341.01(A).

12

**¶18**      Appeal dismissed.

_____
                                        J. WILLIAM BRAMMER, JR., Judge

CONCURRING:


_____
PETER J. ECKERSTROM, Presiding Judge


_____
PHILIP G. ESPINOSA, Judge