NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JENNIFER FOOR, a single woman, *Petitioner/Appellant*,

*v.*

HON. RICHARD SMITH, a Judge of the Phoenix Municipal Court,
*Respondent Judge/Appellee,*

CITY OF PHOENIX, *Real Party in Interest/Appellee.*

No. 1 CA-CV 14-0089

FILED 4-2-2015

Appeal from the Superior Court in Maricopa County
No. LC2012-000700-001 DT
The Honorable Robert H. Oberbillig, Judge

**AFFIRMED**

COUNSEL

Jennifer Foor, Phoenix
*Petitioner/Appellant in Propria Persona*

Office of the Phoenix City Attorney, Phoenix
By Ean P. White
*Counsel for Respondent Judge and Real Party in Interest/Appellees*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Patricia A. Orozco joined.

---

**B R O W N**, Judge:

¶1 Jennifer Foor appeals the superior court's denial of her petition for special action relief from an order of the Phoenix Municipal Court requiring forfeiture of her cats to the City of Phoenix. For the following reasons, we affirm the superior court's decision.

**BACKGROUND**

¶2 Foor owned forty-one cats and kept them in the backyard of her son's home. In October 2012, at the request of law enforcement, an emergency animal medical technician from the Arizona Humane Society, Traci Pepper, met with Foor to observe the cats' living conditions. The technician noted unsanitary and overcrowded living conditions and expressed concern about the health of certain cats. She recommended that Foor seek veterinary care for at least one cat and discuss with the veterinarian the condition of many of the other cats. Pepper also recommended improvements to the cats' living conditions. The parties agreed to follow up the next month.

¶3 After a series of failed attempts at conducting a follow-up meeting, Pepper returned to the home in December 2012. She saw multiple cats with health problems, a "serious decline in the sanitation," and overcrowding. Pepper then contacted her supervisor at the Humane Society who, after observing the conditions at the home, contacted law enforcement. The police officer responding to the call, who had experience dealing with animal abuse, assessed the situation and oversaw the seizure of the cats by the Humane Society.

¶4 Three days later, the municipal court held a post-seizure hearing pursuant to Phoenix City Code ("Code") section 8-3.02(A)(2). The court found the seizure of the cats was lawful. The municipal court then held a disposition hearing pursuant to Code § 8-3.03 to determine whether the cats should be forfeited. After a two-day evidentiary hearing, the court concluded that the City had proven, by a preponderance of the evidence,

that the cats were cruelly neglected and should be forfeited to the City. *See* Code § 8-3.03(B).

¶5        Foor filed a special action in superior court challenging the decision, as authorized by Code § 8-3.03(D).[1]  The court denied the petition and Foor timely appealed.

## DISCUSSION

¶6        We review the superior court's decision to deny special action relief for abuse of discretion. *Bazzanella v. Tucson City Court*, 195 Ariz. 372, 374, ¶ 3, 988 P.2d 157, 159 (App. 1999). Interpretation of an ordinance is a question of law that we review de novo. *Whiteco Outdoor Adver. v. City of Tucson*, 193 Ariz. 314, 316-17, ¶ 7, 972 P.2d 647, 649-50 (App. 1998).

¶7        The City is authorized to "prohibit and punish cruelty to animals, and to require the places where they are kept to be maintained in a clean and healthful condition."  Phoenix City Charter ch. IV § 2(20). Under the Code, a person commits animal cruelty if he or she "[i]ntentionally, knowingly or recklessly subjects any animal under the person's custody or control to cruel neglect or abandonment."  Code § 8-3(A)(1).  The Code defines "cruel neglect" as failing to provide an animal with necessary food, water or shelter.  Code § 8-3(K)(4) (2012);[2] *see also* Ariz. Rev. Stat. § 13-2910(A)(1), (H)(3) (setting forth the same definitions).

¶8        The parties dispute what the evidence received by the municipal court showed.  After hearing testimony from several witnesses over a two-day hearing and viewing photographs of the cats' living environment, the municipal court concluded that Foor had subjected the cats to "cruel neglect" by failing to provide adequate shelter.  Reviewing this same record, the superior court found no abuse of discretion. *See* Code § 8-3.03(D) (limiting the scope of the superior court's review to the record from the municipal court).  The record supports the superior court's ruling. The cats' overcrowded and unsanitary living conditions exposed them to

---

[1]      Foor filed a pro per special action complaint after the post-seizure hearing but before disposition.  The superior court remanded the case and the municipal court conducted a disposition hearing.  Through counsel, Foor then filed an amended special action petition in the superior court.

[2]      The definition of "cruel neglect" was modified in 2013.  The prior version controls in this case.

disease. The veterinarian from the Humane Society, who examined the cats after their seizure, prescribed antibiotics to 15 cats for various maladies and provided details adequately supporting other concerns. Applying a "practical sense" construction to the interpretation of the Code, *State v. Cornish*, 192 Ariz. 533, 537, ¶ 16, 968 P.2d 606, 610 (App. 1998), under Code § 8-3, a person subjects animals to "cruel neglect" by failing to provide shelter that is free from filth and disease. Accordingly, Foor subjected her cats to "cruel neglect" and forfeiture was proper.

¶9　　　　Foor also argues that because the municipal court "determined that [] Foor was making efforts to care for her cats, it cannot have found her conduct to be reckless." Under the Code, however, a person's actions in committing "cruel neglect" need not be intentional, only reckless. Code § 8-3(A)(1). "Reckless" has been defined as the conscious disregard of a substantial and unjustifiable risk that "constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation." A.R.S. § 13-105(10)(c). The record amply supports the finding that Foor's actions were reckless, meaning forfeiture was proper.

¶10　　　　Foor argues further that her Fourth Amendment rights were violated because representatives from the Humane Society entered her property without permission and seized her cats without probable cause. *See* U.S. Const. amend. IV. As part of the appellate record, Foor submitted "Exhibit G," a motion to suppress filed in case no. 4637215, a case filed in Phoenix Municipal Court in February 2013 and dismissed in August 2013. The appellate record does not reflect that Foor filed a motion to suppress in this matter or that she otherwise raised any Fourth Amendment issue before the municipal court.[3] By failing to raise such a claim in the municipal court, Foor waived the issue and we do not address it.[4] *See Englert v. Carondelet Health Network*, 199 Ariz. 21, 26, ¶ 13, 13 P.3d 763, 768 (App. 2000) ("[W]e generally do not consider issues, even constitutional issues, raised for the first time on appeal.").

---

[3]　　　Because Foor failed to provide a transcript of the post-seizure hearing, we presume it would support the municipal court's ruling that seizure of the cats was lawful. *See Kohler v. Kohler*, 211 Ariz. 106, 108 n.1, 118 P.3d 621, 623 n.1 (App. 2005).

[4]　　　The City also failed to address this issue on appeal even though it was raised by Foor in her opening brief.

¶11            Foor also asserts that "the Code does not comply with the due process requirement of the U.S. Constitution."  Under the Code, the City must have "reasonable grounds" to believe that prompt action is required to protect the health or safety of the animals to justify their seizure.  *See* Code § 8-3.01(A)(2).

¶12            The evidence presented at the disposition hearing reflects that on the day of the seizure Pepper became alarmed when she observed the cats' health and living conditions and determined the animals needed medical treatment "that day."  She immediately alerted her supervisor that the cats needed prompt medical attention and the supervisor came to the property and requested the assistance of Phoenix police officers to transport the animals for medical care.  On this record, Foor has not shown it was an abuse of discretion for the municipal court to determine the City had reasonable grounds to justify the cats' seizure.

¶13            Under the Fourteenth Amendment to the United States Constitution, a person cannot be deprived of "life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  Foor argues the Code failed to protect her due process rights because "[a] person of average intelligence cannot fairly understand the Code's dictates" and the Code fails to establish clear procedures.

¶14            An ordinance challenged as vague is supported by a strong presumption of constitutionality.  *State v. Kaiser*, 204 Ariz. 514, 517, ¶ 8, 65 P.3d 463, 466 (App. 2003).  "A statute is not void for vagueness if it gives a common person adequate notice of what conduct is proscribed."  *State v. McDermott*, 208 Ariz. 332, 336, ¶ 13, 93 P.3d 532, 536 (App. 2004).  The Code sections at issue here provide that a person commits "cruel neglect" by failing to provide an animal with adequate food, water, or shelter.  Code § 8-3(K)(4).  The Code authorizes seizure of an animal if there are "reasonable grounds" to believe it is necessary to protect the health and safety of the particular animal and/or other animals that come into contact with that animal.  Code § 8-3.01(A).  These Code provisions provide constitutionally sufficient notice of what may happen if a person places the health or safety of animals at risk by failing to provide adequate food, water, or shelter.

¶15            After the seizure an animal, the Code provides for (1) a prompt post-seizure hearing, upon request of the owner, to determine the validity of the seizure; and (2) a disposition hearing, upon request by law enforcement, to determine if the animal should be permanently forfeited.  *See* Code §§ 8-3.02; 3.03(A).  In this case, both hearings occurred, and Foor

had an opportunity to cross-examine witnesses and present evidence. The Code also provides a right of appeal by special action to the superior court, which Foor exercised. Code § 8-3.03(D). On this record, Foor has not shown that the Code violates due process.[5]

## CONCLUSION

¶16        The superior court's denial of Foor's petition for special action is affirmed.



**Ruth A. Willingham · Clerk of the Court**
F I L E D : ama

---

[5]        Foor also contends the municipal court erred by allowing her son to testify regarding her mental condition. The superior court, however, excluded this evidence in deciding Foor's special action petition. Similarly, Foor argues the municipal court erred in refusing to consider evidence regarding the suitability of her new home for pets. The superior court, however, considered this evidence through an offer of proof. Moreover, this evidence is not relevant to the issues resolved in this appeal.