957 P.2d 1007

**Kenneth SORENSEN and Connie Sorensen, husband and wife, Plaintiffs–Appellants,**

v.

**FARMERS INSURANCE COMPANY OF ARIZONA, an Arizona corporation, dba Farmers Group of Companies, Defendant–Appellee.**

**No. 1 CA–CV 96–0382.**

Court of Appeals of Arizona, Division 1, Department D.

July 31, 1997.

Mecham & Holt by Timothy W. Holt, Phoenix, for Plaintiffs–Appellants.

Broening, Oberg, Woods, Wilson & Cass by Neal B. Thomas, Phoenix, for Defendant–Appellee.

## OPINION

EHRLICH, Judge.

This is a contrived appeal from the trial court's denial of the motion of Farmers Insurance Company of Arizona ("Farmers") for summary judgment, fashioned when the parties stipulated and the court agreed to enter a final judgment in favor of Farmers for the purpose of creating an appealable order. For the following reasons, we conclude that we do not have jurisdiction to review the court's decision and we remand this matter for further proceedings consistent with the denial of summary judgment.

### FACTS AND PROCEDURAL HISTORY

A fire substantially destroyed the home of Kenneth and Connie Sorensen ("Sorensens"). The Sorensens immediately reported the loss to their insurance company, Farmers. They also hired an independent adjuster to prepare a damage estimate. Farmers provided its own figure. The evaluations were approximately $20,000 apart.

Farmers subsequently sent a check to the Sorensens for $22,871.04, representing what it calculated to be the actual cash value of the damages and miscellaneous losses; the check was accompanied by a Proof–of–Loss form for the Sorensens' signatures. Farmers indicated that, after the effective date of this proposed settlement, the policy would no longer cover unrepaired damages because Farmers had paid cash in lieu of repairs.

The parties continued to dispute the value of the damages beyond the date set by Farmers. In a later letter, Farmers reiterated that its check represented the "actual cash value ... payment of what Farmers Insurance believes to be the undisputed amount now owed. The Sorensens are free to cash that check without prejudicing their rights to seek any additional sums to which they believe they are entitled."

The Sorensens responded by filing their Proof–of–Loss statement with Farmers, claiming their loss to be approximately $54,000. Farmers then stopped payment of the check which it had issued and attempted to exercise its option to repair under section 12 of the insurance policy entitled "Conditions,"

which provides that, "[i]f we give you written notice within 30 days after we receive your signed, sworn statement of loss, we may repair or replace any part of the property damaged with equivalent property."

The dispute then turned to whether Farmers had waived its option to repair by choosing to pay at least a portion of the claim. The Sorensens filed suit, claiming breach of contract, breach of the covenant of good faith and fair dealing, fraud and intentional infliction of emotional distress. Farmers moved for summary judgment, claiming that it had properly exercised its option to repair and that the Sorensens' failure to comply with its requests constituted breach of contract requiring dismissal of the lawsuit. The trial court denied Farmers' motion on the basis that, although Farmers had not waived its option to repair, it had improperly canceled the check and thereby breached the covenant of good faith and fair dealing.

Thereafter, the parties requested that the trial court enter final judgment so that they could appeal the following stipulated issues:

1. Under the admissible facts and circumstances as reflected in the record, Farmers had the right to elect to repair the subject property; and

2. Under the admissible facts and circumstances as reflected in the record, Farmers waived its right to elect repair [sic] the subject property which is the issue of this proceeding.

The court entered judgment for Farmers and this appeal followed.

### DISCUSSION

Although neither party has raised the issue, this court has an independent duty to determine whether it has jurisdiction to consider an appeal. *Davis v. Cessna Aircraft Corp.,* 168 Ariz. 301, 304, 812 P.2d 1119, 1122 (App.1991). "The general rule is that an appeal lies only from a final judgment." *Id.; see* Ariz.Rev.Stat. Ann. § 12–2101. A denial of a motion for summary judgment is an intermediate order deciding simply that the case should go to trial. *Navajo Freight Lines v. Liberty Mutual Ins. Co.,* 12 Ariz. App. 424, 428, 471 P.2d 309, 313 (1970). It is, therefore, well-settled that a denial of a mo-

tion for summary judgment is not considered to be a final judgment and, consequently, it is unappealable. *Id.* at 428, 471 P.2d at 313. In an attempt to circumvent this axiom, the parties in this case have stipulated that the trial court may enter a judgment for Farmers pursuant to ARIZ. R. CIV. P. ("Rule") 54(b).[1]

█ The record is clear that the trial court did not change its mind about the substance of Farmers' motion for summary judgment. Rather, it simply accepted the parties' stipulation that judgment be entered in favor of Farmers, disposing of all claims against it so that the parties could have an appealable order. The stipulation included a provision that, if we agreed with the denial of summary judgment, the matter would be remanded for trial. If, however, we concluded that summary judgment should have been granted for Farmers, the matter would be dismissed, in effect upholding the stipulated judgment disposing of the case.

If we were to permit this type of judgment manipulation, we would effectively abrogate the rule against appeals from denials of summary judgment. Parties could freely avail themselves of interlocutory appeals merely by engaging in artful stipulations. "Summary judgment would [then] be transformed into a fertile field of appellate practice, further complicating our system of civil adjudication," *Ft. Lowell–NSS Ltd. Partnership v. Kelly,* 166 Ariz. 96, 99–100, 800 P.2d 962, 965–66 (1990), and adding to its delay and expense.

█ Additionally, this is not a matter which Farmers could have presented to us by special action. We discourage the use of that procedure as a substitute for an interlocutory appeal from a denial of summary judgment for the same reason that we view with disfavor appeals from denials of summary judgment. *Cardon v. Cotton Lane Holdings,* 173 Ariz. 203, 209–10, 841 P.2d 198, 204–05 (1992); *Ft. Lowell–NSS,* 166 Ariz. at 99–100, 800 P.2d at 965–66. Summary judgment is a method of resolving meritless claims. This

goal would be hampered if the moving party could seek review by appeal or special action of every denial. Consequently, only in exceptional cases will special action review be granted of a denial of summary judgment. In *Orme School v. Reeves,* 166 Ariz. 301, 303, 802 P.2d 1000, 1002 (1990), the court concluded that such an exceptional circumstance existed when the question presented is a:

> pure issue of law, requiring neither factual review nor interpretation. The issue presented is not peculiar to this or any particular case. Rather, it involves the analytical framework or construct to be applied to all cases and is therefore of general concern to litigants and the judicial system.

In this case, the issue before the trial court did not involve strictly a point of law. The questions before it were to what extent the contract permitted Farmers to elect to repair or rebuild the property and whether Farmers did in fact elect to repair or rebuild by tendering a check to the Sorensens for at least a portion of their loss. While these questions entail the legal interpretation of a contractual provision, they also involve factual inquiries regarding Farmers' actions pursuant to that provision.

We accordingly conclude that we lack jurisdiction to consider the merits of this appeal. To hold otherwise would encourage litigants to circumvent the rules governing appeals by simply stipulating to judgments below. We also could be placed in the inappropriate position of invading the province of trial courts.

### CONCLUSION

This appeal is dismissed and the matter is remanded to the trial court for further proceedings.

SULT, P.J., and VOSS, J., concur.

---

1. An additional twist to this appeal, but one which we need not unravel, appears in the form of the judgment itself. The trial court crossed out Rule 54(b) language " ... that there is no just reason for delay and that this court expressly directs entry of judgment in accordance with provisions of Rule 54(b) ..." and left language "that this judgment is final...." *See Arizona Bank v. Superior Court,* 17 Ariz.App. 115, 119, 495 P.2d 1322, 1326 (1972); *Davis,* 168 Ariz. at 304, 812 P.2d at 1122.