NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CHESTER LEE MARKS, *Petitioner/Appellant*

*v.*

COMMISSIONER BRIAN KAISER, *Respondent/Appellee*.

No. 1 CA-CV 14-0308
FILED 12-09-2014

Appeal from the Superior Court in Maricopa County
No. LC2014-000140
The Honorable Crane McClennen, Judge

**DISMISSED**

COUNSEL

Chester Lee Marks, Phoenix
*Petitioner/Appellant*

Arizona Attorney General's Office, Phoenix
By Rex Nowlan
*Counsel for Respondent/Appellee*

**DECISION ORDER**

Judge Michael J. Brown delivered the decision of the Court, in which
Presiding Judge Peter B. Swann and Judge Kenton D. Jones joined.

**B R O W N**, Judge:

¶1        Chester Lee Marks appeals from the superior court's order dismissing his "complaint for special action." Because the relief he seeks, however, pertains to an order entered in a different case, we lack jurisdiction to review his appellate arguments.

¶2        According to Marks' representations on appeal, he was convicted of two counts of armed robbery (CR 83659 and CR 83614) and one count of robbery (CR 83091) in 1975. In 2008, he was convicted of one count of theft (CR 2007-156228-001 DT). In June 2011, in cause number CR 2007-156228-001, Marks filed applications to set aside the four convictions and have his civil rights restored. In August 2011, the superior court denied the applications, stating: "This court will not consider your application until fees of $190.62 have been paid. You may resubmit your application once all fees have been paid." On January 8, 2014, Marks requested reconsideration of the court's ruling. On February 20, 2014, the superior court granted Marks' request for reconsideration, but denied the applications to set aside the convictions due to the "nature and number of felony convictions." Marks did not file a notice of appeal from that order.

¶3        Filing under a separate cause number (LC 2014-000140-001), on March 13, 2014, Marks filed a special action challenging the denial of his applications, which the superior court denied, explaining that "[a]ny request for the review of the actions of a Maricopa County Superior Court Judicial Officer must be filed with the Arizona Court of Appeals." Marks then filed a notice of appeal.

¶4        This court has an independent duty to determine whether it has jurisdiction to consider an appeal. *Sorensen v. Farmers Ins. Co. of Ariz.*, 191 Ariz. 464, 465, 957 P.2d 1007, 1008 (App. 1997). Marks does not challenge the propriety of the superior court's order denying his request for special action relief. Stated differently, Marks does not contend that the superior court erroneously denied his special action complaint. Instead, he challenges the superior court's denial of his applications to set aside his felony convictions in CR 2007-156228-001. Had Marks timely appealed from the February 20, 2014 signed order denying his applications, we would be able to review the appropriate superior court record to determine whether an abuse of discretion occurred. Instead of filing a notice of appeal in CR 2007-156228-001, Marks filed a special action complaint under a different cause number in the superior court.

¶5        Accordingly, we lack jurisdiction to review the superior court's denial of Marks' applications to set aside his felony convictions and therefore dismiss his appeal.

