NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

WILLIAM P., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, C.P., D.P., S.P., I.P,
*Appellees*.

No. 1 CA-JV 15-0397
FILED 8-25-2016

---

Appeal from the Superior Court in Maricopa County
No. JD31198
The Honorable Kristin C. Hoffman, Judge

**AFFIRMED**

---

COUNSEL

David W. Bell, Higley
By David W. Bell
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Daniel R. Huff
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Chief Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Samuel A. Thumma joined.

---

**B R O W N**, Chief Judge:

**¶1**　　　　William P. ("Father") appeals the juvenile court's order finding his children dependent as to him.  Father argues the juvenile court erred by failing to make specific findings of fact and abused its discretion in denying his motion to set aside the dependency finding because he showed good cause for failing to appear.  Because Father failed to timely appeal his challenge to the court's dependency order, we lack jurisdiction to consider his argument addressing the sufficiency of findings.  As to the court's determination that no good cause existed for Father's nonattendance, Father has shown no abuse of discretion and we therefore affirm.

## BACKGROUND

**¶2**　　　　Father and Elizabeth C. ("Mother") are the biological parents of C.P. (born in 1999), D.P. (born in 2000), S.P. (born in 2009), and I.P. (born in 2013) (collectively, "the children").[1]  In September 2015, the Department of Child Safety ("DCS") filed a dependency petition alleging the children were being neglected and took them into temporary custody.

**¶3**　　　　Father personally appeared at the initial dependency hearing in September 2015, and contested the allegations and DCS's temporary physical custody of the children.  During the hearing, the juvenile court set dates for a temporary custody hearing, mediation, and pretrial conference.  Form 1, Notice to Parent in Dependency Action, which included the dates and times for future court hearings, was read and provided to Father.  The form, which Father signed, stated in pertinent part:

> You are required to attend all court hearings. If you cannot attend a court hearing, you must prove to the Court that you had good cause for not attending.  If you fail to attend the Pre-

---

[1]　　　The children were also found dependent as to Mother, but she is not a party to this appeal.

trial Conference, Settlement Conference, or Dependency
Adjudication Hearing without good cause, the Court may
determine that you have waived your legal rights and
admitted the allegations in the dependency petition. The
court may go forward with the Dependency Adjudication
Hearing in your absence and may rule that your child is
dependent based on the record and evidence presented.

¶4        At the temporary custody hearing, the juvenile court found
DCS's continued temporary custody of the children was necessary to
prevent abuse or neglect and confirmed, in open court, the dates and times
for the mediation and pretrial conference. The court also ordered DCS to
provide transportation for Father.

¶5        Father attended the mediation on October 30, 2015. He signed
and received a copy of the mediation outcome report, which included the
date and time for the upcoming pretrial conference. Father failed to appear,
however, at the pretrial conference on November 3, 2015. His counsel told
the court he did not know why Father was absent, as Father was present at
the mediation and in court when it was scheduled, and was provided with
the mediation outcome report and multiple letters with the date and time.
In a signed minute entry order, the court found:

> [F]ather had knowledge of this hearing. He was in open court
> when it was set and was present at Mediation 10/30/15 when
> this hearing was affirmed. Father has waived his presence by
> failing to appear, and the Court will proceed in his absence.
>
> [T]he allegations of the petition are true by a preponderance
> of the evidence and the children are dependent as to Father.

¶6        Shortly thereafter, Father filed a motion to set aside the
dependency order, arguing he had good cause for missing the pretrial
conference. The juvenile court denied the motion and this timely appeal
followed.

## DISCUSSION

### A.      Sufficiency of Findings

¶7        Father argues the juvenile court erred by failing to make
specific findings of fact in support of the finding of dependency. Although
not raised by DCS, this court has an independent duty to determine

whether it has jurisdiction to consider each argument raised in an appeal. *See Sorenson v. Farmers Ins. Co. of Ariz.*, 191 Ariz. 464, 465 (App. 1997).

**¶8**        Under the Arizona Rules of Procedure for the Juvenile Court, an aggrieved party must file a notice of appeal within 15 days of entry of a final order. Ariz. R.P. Juv. Ct. 103(A), 104(A). Here, the juvenile court issued a signed minute entry order on November 12, 2015 finding the children dependent as to Father. To timely appeal from that appealable order, Father was required to file a notice of appeal by November 27, which he did not do. Instead, he filed a motion to set aside the dependency order, arguing he had good cause for failing to attend the pretrial conference. Following the court's denial of his motion to set aside, Father filed a timely notice of appeal on December 7, appealing only from the "order, signed on November 24." Because Father did not timely appeal the signed November 12 dependency order, we lack jurisdiction to consider his argument raised on appeal that the court's findings were insufficient.

### B.        Good Cause for Failure to Appear

**¶9**        Father also argues the juvenile court abused its discretion by failing to find good cause to set aside the dependency order where Father failed to appear at the pretrial conference.

**¶10**        Parents in dependency actions are required to appear at all hearings. Arizona Revised Statutes ("A.R.S.") section 8-844(A). The juvenile court may proceed in the parent's absence and adjudicate the child dependent based upon the record and evidence presented if the court finds that a parent (1) failed to appear without good cause; (2) had notice of the hearing; (3) was properly served; and (4) had been previously admonished regarding the consequences of failing to appear, including a warning that the hearing could go forward in the absence of the parent and that failure to appear could constitute a waiver of rights and an admission of the allegations contained in the dependency petition. Ariz. R.P. Juv. Ct. 54(C)(2).

**¶11**        We review a juvenile court's decision on good cause for nonappearance for an abuse of discretion and "will reverse only if the juvenile court's exercise of that discretion was manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 101, ¶ 15 (App. 2007) (internal quotations and citation omitted). To demonstrate good cause, a parent must show that:

>        (1) mistake, inadvertence, surprise or excusable neglect exists and (2) a meritorious defense to the claims exists. Excusable

4

neglect exists if the neglect . . . is such as might be the act of a reasonably prudent person in the same circumstances. A meritorious defense must be established by facts and cannot be established through conclusions, assumptions or affidavits based on other than personal knowledge.

*Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304–05, ¶ 16 (App. 2007) (internal quotations and citations omitted).

**¶12** Here, Father had ample notice of the pretrial conference date and time and was admonished of the consequences for failure to attend court hearings both in open court and on the Form 1. Father does not dispute that he received adequate notice; he asserts he has good cause for failing to attend because he "mixed the date and time." Without citation to authority, he contends this is a simple human error, meaning it constitutes excusable neglect. We reject Father's argument. Father was obligated to attend, and the record reflects he was properly notified and informed of the consequences for nonappearance, as well as given the opportunity to seek transportation assistance from DCS. We cannot say that the juvenile court abused its discretion in implicitly finding that Father's absence was not the result of excusable neglect.

**¶13** Even assuming Father established excusable neglect, he has failed to demonstrate a meritorious defense. In his motion to set aside, Father argued he has a meritorious defense to DCS's claims because he denies all of the allegations in the dependency petition, except admitting that six-year-old S.P. was not enrolled in school. On appeal, Father asserts he has a meritorious defense because he "planned to vigorously defend and refute the State's claim" that the children were dependent. In both instances, Father's mere denials of the allegations of the petition do not establish a meritorious defense. *See Christy A.*, 217 Ariz. at 304–05, ¶ 16 (explaining that a meritorious defense must be established by facts rather than mere conclusions or assumptions). Accordingly, Father failed to meet his burden of demonstrating good cause for nonattendance at the pretrial conference.[2]

---

[2] Father relies on *FOC Financial Limited Partnership v. National City Commercial Capital Corporation*, 612 F. Supp. 2d 1080, 1082 (D. Ariz. 2009), and the three good-cause factors enumerated by the Ninth Circuit. Father's reliance on this analysis is misplaced because the legal standards for determining whether a parent has shown good cause for failure to appear are, as noted above, set forth in existing opinions decided by this court.

**CONCLUSION**

**¶14** For the foregoing reasons, we affirm the juvenile court's order denying Father's motion finding the children dependent as to him.



Amy M. Wood • Clerk of the court
FILED: AA