NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

COOK FAMILY TRUST, ROBERT COOK, trustee and individually,
*Plaintiffs/Appellants*,

v.

SUZANNE MCALLISTER, as trustee of the McAllister Family Trust,
*Defendant/Appellee*.

No. 1 CA-CV 21-0162
FILED 2-17-2022

Appeal from the Superior Court in Yavapai County
No. P1300CV201801025
The Honorable Michael P. McGill, Judge

**AFFIRMED**

APPEARANCES

Robert Cook, Prescott
*Plaintiff/Appellant*

Law Office of Russell S. Duerksen, Chino Valley
By Russell S. Duerksen
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Brian Y. Furuya and Judge Jennifer M. Perkins joined.

---

**W E I N Z W E I G**, Judge:

¶1        Robert Cook, trustee of the Cook Family Trust, appeals the superior court's release of his supersedeas bond to Suzanne McAllister, trustee of the McAllister Family Trust.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        McAllister owned a vacant home in Yavapai County.  Cook lived in the residence for about six years without McAllister's knowledge or permission before suing to quiet title under the doctrine of adverse possession.  After a bench trial, the superior court found that Cook did not prove his adverse possession claim and entered final judgment for McAllister, quieting title in her favor and awarding $1,063.62 in costs.

¶3        Cook timely noticed an appeal from the final judgment.  He also moved the superior court to stay enforcement of the judgment and set a supersedeas bond.  The court twice scheduled Cook's motion for oral argument.  Cook twice failed to appear.  Even so, the court granted Cook's motion, ordering him to post two bonds "during the pendency of [his] appeal," including (1) a $1,063.62 bond "to stay execution of the monetary judgment," and, assuming he continued living in McAllister's home, (2) "an additional bond of $1,400 per month" as fair market rental value.  Cook unsuccessfully moved to alter or amend the bonds.  He then posted the first bond and paid the first month's rent, but he made no payments in 9 of 12 months overall.

¶4        After all of that, Cook never filed an opening brief in his appeal.  And so, we dismissed the appeal and our supreme court denied review.  McAllister moved the superior court to release Cook's bonds, which the court did, ruling the bonds were no longer required because Cook lost his appeal.

¶5        Cook appealed that ruling to us but only addressed the superior court's earlier judgment rejecting his quiet title lawsuit, which

prompted the skirmish over supersedeas bonds that permitted Cook to pursue an appeal he ultimately abandoned.

**¶6**     To assure our jurisdiction and clarify the scope of appeal, we narrowed the issues on appeal to whether the superior court erroneously released the bond. *See Sorensen v. Farmers Ins. Co.*, 191 Ariz. 464, 465 (App. 1997) ("Although neither party has raised the issue, this court has an independent duty to determine whether it has jurisdiction to consider an appeal."). We thus decline to consider Cook's challenges to the earlier judgment. As narrowed, we have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

**¶7**     The sole issue on appeal is whether the superior court erroneously released Cook's supersedeas bond, which we review for an abuse of discretion. *See Bruce Church, Inc. v. Superior Court*, 160 Ariz. 514, 517 (App. 1989) ("[T]he inherent discretion and power of the trial court allow for flexibility in the determination of the nature and extent of the security required to stay the execution of the judgment pending appeal.").

**¶8**     The court did not abuse its discretion. Cook posted the supersedeas bonds to pause enforcement and preserve the status quo while he appealed the judgment. *See* ARCAP 7(a)(1). Once this court dismissed Cook's appeal and the supreme court denied review, the bond was no longer needed and thus appropriately released. *See Kellin v. Lynch*, 247 Ariz. 393, 396, ¶ 13 (App. 2019) ("[T]he purpose of posting a supersedeas bond is to preserve the *status quo* pending appeal.") (italics in original).

**¶9**     McAllister requests an award of attorney fees and costs incurred on appeal under Arizona Rule of Civil Appellate Procedure 25, arguing that Cook's appeal is frivolous as a "serial appeal of matters that have already be[en] decided" or "a matter he had already affirmatively consented to in writing." Cook did not discuss or contest McAllister's fee request in his reply brief.

**¶10**     Rule 25 permits the appellate court in its discretion to award reasonable attorney fees if an appeal "is frivolous, or was filed solely for the purpose of delay." ARCAP 25. Rule 25 sanctions are imposed to "discourage similar conduct in the future," ARCAP 25, and we impose them with "great reservation," *Ariz. Tax Rsch. Ass'n v. Dep't of Revenue*, 163 Ariz. 255, 258 (1989). We grant the request for sanctions. The arguments Cook makes on appeal are frivolous and unsupported by any reasonable legal theory.

**CONCLUSION**

**¶11** We affirm. As the prevailing party, we award McAllister's taxable costs on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA