NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

NEAL EVERETT BOATMAN, *Petitioner/Appellant*,

*v.*

COSKHA CHRISTINA CASEY, *Respondent/Appellee*.

No. 1 CA-CV 24-0431 FC
FILED 01-28-2025

Appeal from the Superior Court in Maricopa County
No. FC2018-096057
The Honorable Keith A. Miller, Judge

**VACATED AND REMANDED**

COUNSEL

Barreda Law PLLC, Gilbert
By Patrick J. Waltz
*Counsel for Petitioner/Appellant*

Coskha Christina Casey, Washington
*Respondent/Appellee*

---

## MEMORANDUM DECISION

Judge Andrew M. Jacobs delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Randall M. Howe joined.

---

**J A C O B S**, Judge:

¶1        Neal Everett Boatman ("Father") appeals the superior court's order denying his petition to prevent relocation of a minor child and modifying parenting time and legal decision-making authority. For the following reasons, we vacate and remand for further proceedings.

### FACTS AND PROCEDURAL HISTORY

¶2        Father and Coskha Christina Casey ("Mother") were divorced by consent dissolution decree in 2019. The parties have three minor children in common, a daughter ("Daughter") and two sons ("Sons"). The decree awarded joint legal decision-making authority and parenting time in accordance with a parenting-time agreement. The decree mentioned Arizona Rule of Family Law Procedure ("Rule") 78 but did not cite Rule 78(c) and did not state that "no further matters remain pending."

¶3        Upon Mother's 2021 petition advising the court Father lived out of state, the superior court awarded Mother sole legal decision-making authority and ordered Father parenting time with the minor children in Arizona four days per month.

¶4        In 2023, after Father relocated to Arizona, Mother notified Father she intended to relocate the children out of Arizona. Father petitioned to prevent relocation and to modify parenting time and legal decision-making authority. Mother responded that she and Father had previously agreed she and Daughter would relocate to New Jersey and that, if Father could obtain stable housing, Sons would stay in Arizona with Father as Sons had requested.

¶5        After a trial, the superior court entered an order denying Father's petition to prevent relocation of Daughter. The court awarded joint legal decision-making authority as to Sons. The court awarded Mother sole legal decision-making authority over Daughter. The court ordered Sons would reside with Father in Arizona and awarded Mother parenting time with Sons during half the summer. The court ordered Mother to be

Daughter's primary residential parent and that Daughter reside with Mother, who by then had already moved to New Jersey without Daughter. The court awarded Father parenting time with Daughter during half the summer. The court denied Father's expedited motion to stay relocation and denied Father's motion to alter or amend the judgment. The order cited Rule 78(c) and expressly stated that no further claims or issues remained for the court to decide.

¶6        Father timely appealed.

## DISCUSSION

### I.        Jurisdiction

¶7        Even where the parties do not dispute jurisdiction, we have a duty to determine whether we have it. *See Sorensen v. Farmers Ins. Co.*, 191 Ariz. 464, 465 (App. 1997). Relevant here, a "final judgment" is appealable under A.R.S. § 12-2101(A)(1), while a "special order made after final judgment" is appealable under A.R.S. § 12-2101(A)(2).

¶8        The 2019 decree was not a final judgment. It did not recite "that no further matters remain pending and that the judgment is entered under Rule 78(c)," nor did it cite Rule 78(c). Because the 2019 decree was not a final judgment, the 2023 modifications of that decree Father appeals cannot, by definition, be special orders made after a final judgment. A.R.S. § 12-2101(A)(2). It is true that orders ruling on post-decree petitions to modify or addressing relocation are generally special orders made after a final judgment. *See, e.g.*, *Cone v. Righetti*, 73 Ariz. 271, 274-75 (1952) (holding order modifying custody, visitation, and support appealable as a "special order" made after final judgment). But that's because they usually follow decrees constituting final judgments, which isn't the case here.

¶9        Despite that, the superior court helpfully cited Rule 78(c) in its final 2023 order denying Father relief from its prior (and necessarily interlocutory) orders. And the court likewise recited that no remaining claims or matters remained before it. Because those recitals make the court's final decision a "judgment" under Rule 78(a)(1), the decision is appealable under A.R.S. § 12-2101(A)(1). Ariz. R. Fam. Law P. 78(a)(1) (defining judgment as including "a decision defining or modifying legal decision-making, parenting time, or child support[]"). We thus have jurisdiction. A.R.S. § 12-2101(A)(1); Ariz. Const. art. 6, § 9.

## II. The Superior Court Erred by Omitting to Provide the Reasoned Explanation for Its Decision That A.R.S. § 25-403(B) Requires.

¶10        Father argues the superior court abused its discretion in determining that relocation was in Daughter's best interests and in applying statutory factors when determining legal decision-making authority and parenting time.  Mother did not file an answering brief.  We exercise our discretion not to take that omission as a confession of error because this appeal involves a minor's interests.  *Hoffman v. Hoffman*, 4 Ariz. App. 83, 85 (1966).

¶11        When relocation is contested, the superior court must decide whether to allow the relocation "in accordance with the child's best interests."  A.R.S. § 25-408(G).  To determine the child's best interests, the court must consider the factors listed in A.R.S. §§ 25-403(A) and -408(I).  *See Woyton v. Ward*, 247 Ariz. 529, 533 ¶ 12 (App. 2019).  The parent seeking to relocate has the burden of proving the relocation is in the child's best interests.  A.R.S. § 25-408(G).  Further, the best interest of a child is the primary consideration in awarding legal decision-making authority and parenting time. *Hays v. Gama*, 205 Ariz. 99, 102 ¶ 18 (2003).  The court must "make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child."  A.R.S. § 25-403(B).  This statutory mandate ensures the reviewing court can discern which factors the superior court considered and which factors influenced its decision. *See Owen v. Blackhawk*, 206 Ariz. 418, 421-22 ¶ 12 (App. 2003).

¶12        Father argues the superior court erred when it found Mother met her burden of showing the relocation was in Daughter's best interests.  The court addressed each of the applicable statutory factors in A.R.S.  §§ 25-403(A) and -408(I).  But many of the statutory findings it listed appeared neutral or lacked specificity, and the court did not explain how the factors influenced its decision.  Instead, the court found "that while either result would be passable, it would be best for Mother to be able to relocate with her daughter."  It then concluded "Mother has met her burden of showing that moving [Daughter] to New Jersey is in [Daughter's] best interests."

¶13        The court must provide reasons why the factors support a relocation decision.  A.R.S. § 25-403(B).  Here, it did not because it omitted to address a number of factors that it was required to analyze in providing that reasoned explanation.  The court omitted to address the impact relocation would have on Daughter's future relationships with Mother and Father.  *See* A.R.S. § 25-403(A)(1).  In considering Daughter's relationships with others, the court described the absence of the parents' family in

Arizona and Mother's potential support in New Jersey. *See* A.R.S. § 25-403(A)(2). But the court did not describe Daughter's interaction and interrelationship with her own parents, with her two brothers, who reside with Father in Arizona, and with Mother's boyfriend and his children, with whom Daughter apparently is now residing in New Jersey. And the court did not explain how it balanced these important relationships.

¶14 Similarly, in considering the extent to which relocating will affect the emotional, physical, or developmental needs of Daughter, the court stated, "[t]here was not substantial testimony on this point." *See* A.R.S. § 25-408(I)(6). Mother testified about this factor, but the court did not address her testimony in its ruling. Finally, in considering the potential effect of relocation on Daughter's stability, the superior court stated "[t]he effect on [Daughter]'s stability is not a significant factor here." *See* A.R.S. § 25-408(I)(8). The effect on Daughter's stability is another factor the court must consider in analyzing relocation that the court did not address.

¶15 The decision also omitted to provide the reasons A.R.S. § 25-403(B) requires for the decision in favor of Mother by treating all of the relevant factors it analyzed as in equipoise. *Wright v. Farris*, ___ Ariz. ___, ___ ¶ 1, 1 CA-CV 24-0438 FC, 2025 WL 52554, at *1 ¶ 1 (Ariz. App. Jan. 9, 2025) ("[Section] 25-403(B) requires the court to provide the reasons why making Father the primary residential parent was in [child's] best interests. Declaring a tie in the findings of fact does not do this."). In considering which parent is more likely to allow Daughter frequent, meaningful, and continuing contact with the other parent, the superior court concluded that both parents "are likely." *See* A.R.S. § 25-403(A)(6). Similarly, in considering the likelihood that the parent with whom Daughter will reside after the relocation would comply with parenting time orders, the court concluded that "neither parent has previously refused to comply with parenting time orders." *See* A.R.S. § 25-408(I)(4). The court likewise did not address the parents' testimony about previous non-compliance with court-ordered parenting time and Mother's testimony that future compliance "would depend" on financial ability. Without these reasons, we cannot assess whether the court abused its discretion in deciding Mother met her burden to show that relocation was in Daughter's best interests. *See Wright*, ___ Ariz. at ___ ¶ 1.

**CONCLUSION**

¶16 For the foregoing reasons, we vacate the superior court's ruling and remand for further proceedings. In our discretion, we deny

Father's request for attorneys' fees on appeal. We award Father his reasonable costs on appeal upon compliance with ARCAP 21.

